<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4775**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ROGER MINA-CUERO, a/k/a Jesus A. Serrano-Machado, a/k/a Jaime
J. Estrada-Vargas, a/k/a Christain C. Diaz,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.   James C. Cacheris, Senior
District Judge.   (1:14-cr-00131-JCC-1)

Submitted:  July 23, 2015          Decided:  July 27, 2015

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mark A. Yurachek, MARK ALLEN YURACHEK & ASSOCIATES, Falls Church,
Virginia, for Appellant.   Kimberly Riley Pedersen, Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roger Mina-Cuero pled guilty, pursuant to a written plea agreement, to interstate transportation of stolen property, in violation 18 U.S.C.A. § 2314 (West 2015), 18 U.S.C. § 2 (2012), and illegal reentry after removal, in violation of 8 U.S.C. § 1326(a), (b)(1) (2012). The district court sentenced Mina-Cuero to concurrent 36-month terms of imprisonment, within the 33- to 41-month advisory Sentencing Guidelines range. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. Mina-Cuero was advised of his right to file a pro se supplemental brief, but has not filed one. The Government declined to file a brief.

Because Mina-Cuero did not move in the district court to withdraw his guilty plea, we review the guilty plea hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Mina-Cuero] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Mina-Cuero satisfies these requirements, "correction of the error remains within our discretion, which we should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and

2

citation omitted). Our review of the record leads us to conclude that the district court substantially complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting Mina-Cuero's guilty plea, which Mina-Cuero entered knowingly and voluntarily.

Turning to Mina-Cuero's sentence, we review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, or failing to adequately explain the sentence. Id. If we find the sentence procedurally reasonable, we then consider its substantive reasonableness. Id. at 328. We presume on appeal that a sentence within the properly calculated Guidelines range is substantively reasonable. United States v. Dowell, 771 F.3d 162, 176 (4th Cir. 2014). Such a presumption is rebutted only when the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006).

Upon review, we discern no procedural or substantive sentencing error by the district court. The district court correctly calculated Mina-Cuero's advisory Guidelines range, heard argument from counsel, provided Mina-Cuero an opportunity to

3

allocute, and considered the § 3553(a) sentencing factors. We have reviewed the record and conclude that Mina-Cuero's within-Guidelines sentence is both procedurally and substantively reasonable.

Accordingly, we affirm the judgment of the district court. In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Mina-Cuero, in writing, of the right to petition the Supreme Court of the United States for further review. If Mina-Cuero requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mina-Cuero.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED